Freeman, J.,
delivered the opinion of the court.
This is an action brought by the administrator *527 of Jones, to recover for injuries inflicted causing his death.
The amended declaration, which is all that is before us, contains three counts.
The first states, as the cause of action, that the defendant is an incorporated company in the State of Tennessee, engaged in the transportation of freight and passengers by rail to and from the city of Memphis; that Jones was employed as a baggage master on a train running to and from Memphis; that the defendant so negligently and carelessly ran and conducted its trains upon said road, to and from the city of Memphis, that a collision occurred, in which the cars were set on fire and burned, by means of which said Jones was crushed, injured, and burned; from which injuries, after great suffering and pain, he afterward died.
Damages are claimed to the amount of $15,000.
The second count is for the gross negligence of the defendant.
It alleges, in substance, that the defendant is a company duly incorporated by an act of the Legislature of Tennessee, and engaged in the transportation of persons and property by rail, to, from, and between, the city of Memphis and the town of Chattanooga, in the said State; and that plaintiff’s intestate being bag- < gage master on the train, by the carelessness and negligence of the defendant, a collision occurred producing the injury complained of, causing the death of said intestate, after languishing from the time of the injury to the date of his death.
*528 This count then avers that he was, after the injury down to the time of his death, of unsound mind, and incapable of suing, and then concludes with an averment that a cause of action had accrued to the plaintiff, for the use of the two children of the said deceased.
The third count commences with the averment,, that the defendant, heretofore, to wit, on the day and year aforesaid, at, to-wit, in the State aforesaid, was engaged in transporting persons and property to and from the city of Memphis, — and then states, substantially, the same facts • as in the previous counts, and that said deceased was instantly killed; wherefore it claims that an action accrued to the plaintiff, to recover damages for the use .of the next of kin of the said deceased, on account of the deprivation of the society, instruction, and counsel, of their father, and-the loss of his earnings for their support, etc.
Numerous pleas, and demurrers thereto, and replications, and demurrers thereto, are contained in the record, enough indeed to delight the soul of an admirer of the old common law pleading, — that technical system by which the rights of parties in courts of law were determined in many cases rather by the pleader’s skill in the use of formal verbiage, than by the establishment of legal rights by proof.
We need not go into the several very nice questions thus presented.
Suffice it to say, that the court below, on the argument of these demurrers, filed by the plaintiff and defendant, passed by the special objections pointed *529 out in the demurrers to the various pleadings, and went back to the declaration, and held it defective in substance for its failure to allege that the injuries complained of' were committed in the State of Tennessee.
The court being of the opinion that the demurrers extended back to the declaration, adjudged that to be defective, but gave the plaintiff leave to amend the defect, or to amend generally, which being declined, thereupon, judgment final was rendered, and the case was brought to this court.
The first question to be presented is, — Did the court err in thus holding, as to the effect of a demurrer under our system of pleading?
The rule is too familiar for the citation of authorities, that, according to the ancient system, the court was right;- — -that- upon a demurrer, — sometimes spoken of as a general fault-finder, — the court considered the whole record, and gave judgment for the party who, on the whole, appeared to be entitled to it.
It may be well to remember, however, to arrive at a proper conclusion upon this question, that, under the common law system of pleading in England, the judgment that was rendered on a demurrer, final or interlocutory, according to the nature of the action, in either case, settled the rights of the parties; whereas, under our system, the party may always amend his defective pleading, or plead over if his demurrer be overruled.
But to the point.
By the Code, sec. 2934, demurrers for formal defects *530 (that is the special demurrers of the common law) are abolished, and only those for substantial defects are allowed; — and it is required that “all demurrers shall state the objection relied on;” — that is, all demurrers for substance, i. e. such as proceed upon the assumption, that, “on a fair and natural construction of the pleading," no cause of action, or of defence, is shown, — shall point out the defect relied on.
It is evident that this abolishes demurrers as known to our ancient system of pleading; for by that, the special demurrer was for defects in the form of the statement, and the general demurrer, which was for substance, averred only that the declaration or plea was not sufficient in law.
If we have not the former species of demurrer, to which the rule held by his Honor applied, the question is, whether, under the provisions of the Code, this rule still remains, or whether it is not excluded by a fair construction of the language used.
The language is, — “all demurrers shall state the objection relied on.”
Why state it? Surely, because it, and not another, is the objection “relied on.”
Is the plain meaning of this language met, by holding that yon must state the objection to the particular pleading, but. may rely on something else?
The plain meaning of the provision is, that the objection must be stated in order to give distinct notice to the other party of the defect in his pleading; and this meaning can be carried out only by requiring that the party making this objection shall *531 rely on it, and not on one not stated,- of which the other party has had no notice.
In other words, that the party should not be allowed, after all, to have the benefit of what is equivalent to a general demurrer, not pointing out the objection relied on, under the pretence of one which is special, and required to point out the objection. '
It would be idle to abolish general demurrers, and to require the objection relied on to be stated, if it is to be stated only to mislead, — the statement amounting to nothing, and the party having all the benefit of a general demurrer, under cover of the special objections (not really relied on) made in his statement.
No inconvenience can result from this view, as it is just as easy to demur at once, and directly, to the defective pleading, and thus save costs and delay, as it is first to encumber the record with voluminous pleadings, as in this case, and then, under some remote pleading, and the demurrer to it, to go back and reach the defect by indirection: and such clearly was the view of the Legislature, as we think, in the radical change made by them in the provision we have cited from the Code.
But if the demurrer reached back to the declaration, then the question would arise, — Did his Honor correctly hold that the declaration did not sufficiently state a cause of action, because of its failure to allege that the injuries complained of were committed in the State of Tennessee?
The rule of the common law, that every pleading must be taken .most strongly against the pleader, can *532 not be held applicable under the Code, which provides that any pleading shall be sufficient, where, by a fair and natural construction it shows a substantial cause of action.
Applying this enactment to the declaration, we think that by a fair and natural construction it can be held only that this is an action brought under our statute, and not under the law of another State.
The declaration states a substantial cause of action under the statute of Tennessee, in a suit brought in our courts, against a corporation chartered by our own Legislature, for an injury that may well have-been committed in this State, as we know judicially that a considerable portion of the Memphis & Charleston Railroad lies in this State.
We think it a fair intendment from the language of the declaration that the injury was committed in this State.
If it occurred in another State, it can easily be shown at the trial,, as a matter of defense.
There can be no doubt that in order to recover in this latter case, the party would have to show a. cause of action according to the law of the ' State where the injury was committed; — that is, in order to entitle himself to sustain an action in this State under the provisions of the statute law of another State creating the right in the particular case to sue.
It is equally clear on principle and authority that if the party sue in this State, to recover on a cause of action that arose in another State, the action being given by a statute of that .State, he must allege the *533 right to have occurred in that State: in other words, ■he must state a cause of action arising in that State, which under the statute of that State entitles him to recover in its courts; and when he has so stated his cause of action, he must be prepared to show the law of that State under which he claims the right, — it not 'being a common law right, but one under a particular statute.
See the question discussed, and the authorities cited, in the case of Whitford v. Panama R. R. Co., 23 N. Y., 466, — an able opinion by Judge Denio.
This declaration certainly does not aver a cause of action arising in another State, under the above rule; and it is but a fair construction of it, as it does •aver one under our statute, that it was so intended.
While under the rule of the common law, the law of another State must be averred and proved, as any other fact, in Tennessee only the averment in such case would be necessary, which would be supported in our courts by a copy of the statutes, purporting ■or proved to have been published by the authority of the State from whence it came. Code, sec. 3800.
This seems to be the rule for the inferior courts; but by sec. 3801, this court may take judicial notice of the laws and statutes of our sister States, and decide upon them accordingly.
The result as to this question is, that we hold that the court below erred in its view of the declaration ; and that it does allege a cause of action under the statute of Tennessee, which provides neces *534 sarily for injuries done in this State, and not in another State.
The judgment must, therefore, be reversed, and the case remanded, to be further proceeded in.
As a matter of course, we express no opinion as to the validity of the objections to the various pleadings pointed out in the demurrers; as the court below has rendered no judgment on these questions, and the case will stand for hearing in the court below as it stood before the judgment hereby reversed.